IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:06-CR-279-D
No. 5:10-CV-413-D

| | | |
|---|---|---|
| TONY TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On March 12, 2007, a jury convicted Tony Taylor ("Taylor" or "petitioner") of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base (crack) in violation of 21 U.S.C. § 846 (count one), distribution and possession with intent to distribute at least 5 grams, but less than 50 grams, of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) (counts three through seven), and distribution and possession with intent to distribute more than 50 grams of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) (count eight) [D.E. 44]. On December 4, 2007, the court sentenced Taylor to life imprisonment on counts one and eight and 360 months' imprisonment on counts three through seven to be served concurrently [D.E. 63]. On December 19, 2007, Taylor timely appealed [D.E. 64]. On November 24, 2008, the Fourth Circuit affirmed Taylor's conviction and sentence. See United States v. Taylor, 301 F. App'x 248 (4th Cir. 2008) (per curiam) (unpublished). On May 3, 2010, Taylor filed a motion for an extension of time to file a motion under 28 U.S.C. § 2255 due to a 53-day institutional lockdown [D.E. 78]. On September 28, 2010, Taylor filed a motion to vacate pursuant to 28 U.S.C. § 2255. See Mot. Vacate 15.[1] On October 15, 2010, the United States ("government") filed a motion to dismiss [D.E. 83] pursuant

---

[1] The court provides Taylor the benefit of the prison "mailbox rule." See, e.g., Houston v. Lack, 487 U.S. 266, 270–76 (1988); Lewis v. Richmond City Police Dep't, 947 F.2d 733, 735–36 (4th Cir. 1991) (per curiam).

to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. On November 1, 2010, Taylor responded to the motion to dismiss [D.E. 85]. Because Taylor's motion to vacate is untimely, the government's motion to dismiss is granted.

I.

In analyzing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56, 563 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), cert. granted, 131 S. Ct. 3059 (2011); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir. 2006); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. Iqbal, 129 S. Ct. at 1949–50. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Kloth, 444 F.3d at 319 (quotation omitted).

Section 2255 establishes a one-year statute of limitations for the filing of a motion to vacate. 28 U.S.C. § 2255(f). The period runs from the date on which a petitioner's judgment becomes final. Id. § 2255(f)(1).[2] The Fourth Circuit affirmed Taylor's conviction on November 24, 2008, and Taylor did not file a petition for certiorari in the United States Supreme Court. Thus, Taylor's conviction became final no later than February 23, 2009, 90 days after the Fourth Circuit affirmed his conviction. See, e.g., Clay v. United States, 537 U.S. 522, 527 (2003). Accordingly, Taylor had

---

[2] If the government took action in violation of the Constitution or laws of the United States that impeded a petitioner from filing a motion to vacate, the period will run from the date on which the impediment is removed. 28 U.S.C. § 2255(f)(2). However, Taylor does not allege that the lockdown violated the Constitution or laws of the United States. Therefore, the court does not consider whether the lockdown constituted an unconstitutional impediment. See Lewis v. Casey, 518 U.S. 343, 361–62 (1996); Akins v. United States, 204 F.3d 1086, 1090–91 (11th Cir. 2000).

2

until February 23, 2010 to file his section 2255 petition. Taylor did not file his motion to vacate until September 28, 2010, 218 days after the limitation period expired. Therefore, absent tolling, the motion to vacate is untimely.

Taylor concedes that he filed his motion to vacate more than one year after his conviction became final. See Mot. Vacate 5. However, Taylor argues that the limitation period should have been tolled because he requested additional time to file his motion to vacate. Id.; see Mot. Extension of Time 1. In support, Taylor claims that he did not have access to the law library for 53 days, due to an institutional lockdown from February 20, 2010, to April 12, 2010. Mot. Extension of Time 1.

A court has the authority to equitably toll the filing period of section 2255. See, e.g., Holland v. Florida, 130 S. Ct. 2549, 2560–62 (2010); United States v. Prescott, 221 F.3d 686, 687–88 (4th Cir. 2000). "As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (quotation omitted). However, the "[p]rinciples of equitable tolling do not extend to garden variety claims of excusable neglect." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Equitable tolling is available only when the government prevented the filing of the petition, or extraordinary circumstances beyond the petitioner's control made it impossible to file the petition on time. Id.; Harris, 209 F.3d at 330. In addition to demonstrating extraordinary circumstances, a petitioner seeking equitable tolling must show that he has been pursuing his rights diligently. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). A petitioner must "adduce circumstances showing that he is entitled to the relief requested." Prescott, 221 F.3d at 688. Because "apply[ing] equity generously would loose[n] the rule of law to whims about the adequacy of excuses . . . any resort to equity must be reserved for those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation period." Harris, 209 F.3d at 330. An institutional lockdown, standing alone, does not

3

constitute the type of extraordinary circumstances warranting equitable tolling. See, e.g., Akins v. United States, 204 F.3d 1086, 1089–90 (11th Cir. 2000); Green v. United States, Civil Action No. AW-10-2749, Criminal No. AW-09-0230, 2011 WL 553881, at *2 (D. Md. Feb. 8, 2011) (unpublished); Burns v. Beck, 349 F. Supp. 2d 971, 974 (M.D.N.C. 2004); Warren v. Kelly, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002). Accordingly, this case does not present a rare instance where it would be unconscionable to enforce the limitation period. See, e.g., Harris, 209 F.3d at 330; Murphy v. United States, Nos. 5:04-CR-241-FL-1, 5:08-CV-534-FL, 2009 WL 2579648, at *3 (E.D.N.C. Aug. 16, 2009) (unpublished). Taylor's petition is untimely, and the court declines to apply equitable tolling.

Alternatively, even if Taylor could demonstrate that he is entitled to equitable tolling, his petition would still be untimely. At most, the limitation period would have tolled for 53 days, from February 20, 2010 to April 12, 2010, while Taylor was unable to access the law library due to the institutional lockdown. Nothing prevented Taylor from filing his petition once the institutional lockdown ended on April 12, 2010. Thus, even if the court tolled the limitation period for the 53 days Taylor was under an institutional lockdown, Taylor's petition would still be untimely. See, e.g., Allen v. Johnson, 602 F. Supp. 2d 724, 729 (E.D. Va. 2009). In sum, Taylor's petition is untimely and the government's motion to dismiss is granted.

Rule 11 of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined that Taylor is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether Taylor is entitled to a certificate of appealability with respect to one or more of the issues presented in this habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the district court denies a petitioner's constitutional claims on the merits, petitioner must demonstrate that reasonable jurists could debate

4

whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. See, e.g., Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

Where a court dismisses a petitioner's constitutional claims on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 485.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of Taylor's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

II.

In sum, Taylor's section 2255 petition is untimely. Taylor's motion for extension of time [D.E. 78] is DENIED, the government's motion to dismiss [D.E. 83] is GRANTED, and Taylor's section 2255 petition [D.E. 80] is DISMISSED. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c)(2). The clerk is directed to close this case.

SO ORDERED. This 5 day of October 2011.

JAMES C. DEVER III
United States District Judge