IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:06-CR-279-D
No. 5:12-CV-539-D

| | |
|---|---|
| TONY TAYLOR, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

The court is concerned about its jurisdiction to resentence Tony Taylor ("Taylor") and about whether such resentencing under 28 U.S.C. § 2241 would comport with governing precedent. As explained below, the court orders further briefing. The resentencing scheduled for March 2014 is postponed.

I.

On November 1, 2006, a federal grand jury indicted Taylor for conspiring to distribute and possess with intent to distribute 50 grams or more of cocaine base (crack) in violation of 21 U.S.C. § 846 (count one), for six counts of distributing and possessing with intent to distribute more than 5 grams of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) (counts two through seven), and for distributing and possessing with intent to distribute more than 50 grams of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) (count eight) [D.E. 3]. Because Taylor had been convicted of two prior drug offenses that were felonies under the law at the time, and because the government filed a notice of intent to seek enhanced penalties based on those prior convictions, Taylor was subject to a mandatory life sentence on counts one and eight. See 21 U.S.C. § 841(b)(1)(A) (2007); id. § 851;

Notice of Intent to Seek Enhanced Penalty [D.E. 37]. Had Taylor not been subject to that enhancement, a life sentence would still have been authorized by statute for counts one and eight, but would not have been mandatory. See 21 U.S.C. § 841(b)(1)(A) (2007).

On March 12, 2007, a jury convicted Taylor on all counts except count two [D.E. 44]. On December 4, 2007, the court sentenced Taylor to life imprisonment on counts one and eight, as required by statute, and to 360 months' imprisonment on counts three through seven, to be served concurrently [D.E. 63]. On December 19, 2007, Taylor timely appealed [D.E. 64]. On November 24, 2008, the Fourth Circuit affirmed Taylor's conviction and sentence. See United States v. Taylor, 301 F. App'x 248 (4th Cir. 2008) (per curiam) (unpublished).

In affirming Taylor's conviction and sentence, the Fourth Circuit rejected Taylor's argument that the difference between the statutory mandatory minimum penalties for crack cocaine and powder cocaine offenses violates the Equal Protection Clause and rejected his argument that his life sentence on counts one and eight violates the Eighth Amendment. See id. at 250. The Fourth Circuit also rejected Taylor's argument that he lacked the two prior felony drug convictions needed to qualify him for a mandatory life sentence on counts one and eight because the sentencing range for his 1996 North Carolina drug conviction was 8–10 months. Id. In rejecting that argument, the Fourth Circuit relied on then-binding precedent United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005), overruled, United States v. Simmons, 649 F.3d 237, 244–50 (4th Cir. 2011) (en banc). Taylor did not seek a writ of certiorari, and his conviction became final no later than February 23, 2009. See Fed. R. App. P. 4(b)(1); Clay v. United States, 537 U.S. 522, 527–28 (2003); [D.E. 86] 2–3.

On May 3, 2010, Taylor moved for an extension of time to file a motion under 28 U.S.C. § 2255 due to a 51-day institutional lockdown [D.E. 78]. On September 28, 2010, Taylor moved to

2

vacate his sentence pursuant to 28 U.S.C. § 2255 [D.E. 80].[1] In his section 2255 motion, Taylor argued that his right to a speedy trial was violated and that his trial and appellate counsel were ineffective for failing to make a speedy trial argument. See id. 5; see also [D.E. 81]. On October 15, 2010, the government filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and argued that the motion was untimely and that equitable tolling did not apply. See [D.E. 83]. On November 1, 2010, Taylor responded to the motion to dismiss. See [D.E. 85].

On October 5, 2011, this court denied Taylor's motion for an extension of time and granted the government's motion to dismiss. See [D.E. 86]. In doing so, the court noted that Taylor did not file his motion to vacate until September 28, 2010, 218 days after the one-year limitation period in 28 U.S.C. § 2255(f) had expired, and that equitable tolling did not apply. See id. 2–5. The court also denied a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000); Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001).

Taylor appealed the court's dismissal of his first section 2255 motion. On February 28, 2012, the Fourth Circuit declined to issue a certificate of appealability and dismissed the appeal. See United States v. Taylor, 468 F. App'x 306 (4th Cir. 2012) (per curiam) (unpublished).

On August 20, 2012, Taylor filed a second motion under section 2255 [D.E. 94].[2] In that

---

[1] The docket shows that the motion was filed on October 4, 2010, but when Taylor signed the motion, he dated it September 28, 2010. See [D.E. 80] 15. The court gives Taylor the benefit of the prison mailbox rule. See Houston v. Lack, 487 U.S. 266, 275–76 (1988); Lewis v. Richmond City Police Dep't, 947 F.2d 733, 736 (4th Cir. 1991) (per curiam).

[2] Taylor's August 20, 2012 motion was deemed deficient because it was missing pages. He filed a corrected motion on September 10, 2012 [D.E. 96].

3

motion, he argued that he should retroactively receive the benefit of Simmons, 649 F.3d at 244–50. See id. Under Simmons, one of Taylor's prior drug convictions would no longer be considered a felony, and his criminal record would no longer support a mandatory life sentence on counts one and eight under 21 U.S.C. §§ 841(b)(1)(A) and 851.

On April 2, 2013, the government moved to hold Taylor's section 2255 petition in abeyance pending the Supreme Court's decision in United States v. Alleyne, 457 F. App'x 348 (4th Cir. 2011) (per curiam) (unpublished), rev'd, 133 S. Ct. 2151 (2013) [D.E. 102]. On September 26, 2013, the court denied that motion as moot in light of the Supreme Court's intervening decision in Alleyne, and directed the parties to state their position as to Alleyne and Simmons. See [D.E. 103].

On November 18, 2013, the government responded that Alleyne did not apply retroactively to Taylor's case and that this court lacked jurisdiction to consider Taylor's second motion under 28 U.S.C. § 2255 because Taylor had not received the required authorization from the Fourth Circuit to file a second motion under section 2255. [D.E. 106] 2–9; see 28 U.S.C. §§ 2244, 2255(h); Felker v. Turpin, 518 U.S. 651, 657 (1996); Farrow v. Revel, No. 13-6804, 2013 WL 5546155, at *1 (4th Cir. Oct. 9, 2013) (per curiam) (unpublished); United States v. MacDonald, 641 F.3d 596, 603–04 (4th Cir. 2011); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003); see also In re Rains, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam) (collecting cases from the Second, Fifth, Seventh, and Ninth Circuits holding that when a motion under 28 U.S.C. §§ 2254 or 2255 is dismissed as untimely, a subsequent motion is second or successive). The government declined to take a position on whether it would consent to treating Taylor's second 2255 motion as a petition under 28 U.S.C. § 2241 or on whether it would assent to relief if Taylor's motion were treated as a section 2241 petition, given that, when a defendant is legally innocent of the offense of conviction under Simmons, Simmons applies retroactively on collateral review. See [D.E. 106] 9; Miller v. United States, 735 F.3d 141, 144–47

4

(4th Cir. 2013) (holding that, if a defendant convicted of being a felon in possession of a firearm no longer has a predicate felony after Simmons, he is legally innocent and Simmons applies retroactively in a proceeding under 28 U.S.C. § 2255 to permit a court to vacate the conviction); see also Snead v. United States, No. 3:12-cv-125-GCM, 2013 WL 6850115, at *1–3 (W.D.N.C. Dec. 30, 2013) (unpublished); Henderson v. United States, No. 5:11cv147-RLV, 2013 WL 6709729, at *2 (W.D.N.C. Dec. 18, 2013) (unpublished); Lattimore v. United States, No. 5:12-cv-128-RLV, 2013 WL 6246378, at *2–4 (W.D.N.C. Dec. 3, 2013) (unpublished); cf. United States v. Powell, 691 F.3d 554, 557–60 (4th Cir. 2012).

On December 9, 2013, the court notified the parties that it would treat Taylor's motion as one seeking relief under 28 U.S.C. § 2241, held that Alleyne did not apply retroactively, and directed the government to state its position on Taylor's request for relief under section 2241 and Simmons. See [D.E. 107].

On December 18, 2013, the government responded. See [D.E. 108]. The government stated that, "[g]iven the facts of this particular case," it believed Taylor could pursue his Simmons challenge in a proceeding under 28 U.S.C. § 2241. Id. 3.

On December 19, 2013, the court notified the parties that it would resentence Taylor and directed Taylor to notify the court if he wished to have appointed counsel. See [D.E. 109]. Taylor timely requested counsel, and the Federal Public Defender now represents Taylor. See [D.E. 110, 111, 112].

II.

A court has jurisdiction to consider a federal prisoner's section 2241 petition only when a motion under 28 U.S.C. § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) (the "savings clause"); see Rice v. Rivera, 617 F.3d 802, 806–08 (4th

5

Cir. 2010) (per curiam); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000); In re Vial, 115 F.3d 1192, 1194–98 (4th Cir. 1997) (en banc). See generally Jennifer L. Case, Kaleidoscopic Chaos: Understanding the Circuit Courts' Various Interpretations of § 2255's Savings Clause (Jan. 7, 2014 draft), available at http://ssrn.com/abstract =2375960. Taylor has already filed one section 2255 motion, and absent authorization from the Fourth Circuit, this court lacks jurisdiction to consider a second one. See 28 U.S.C. §§ 2244, 2255(h); Felker, 518 U.S. at 657; Farrow, 2013 WL 5546155, at *1; MacDonald, 641 F.3d at 603–04; Winestock, 340 F.3d at 205. But "the remedy afforded by [section] 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, . . . or because an individual is procedurally barred from filing a [section] 2255 motion." Vial, 115 F.3d at 1194 n.5 (citation omitted). The Fourth Circuit has held that

> [section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first [section] 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of [section] 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333–34 (emphasis added). Here, "the conduct" of which Taylor was convicted remains criminal, and "Fourth Circuit precedent has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence." United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008). In light of Fourth Circuit precedent, the parties shall brief whether this court has jurisdiction to consider Taylor's section 2241 motion.

Additionally, if section 2255's savings clause does allow Taylor to pursue a petition under section 2241, such a petition "must . . . be filed in the district in which the prisoner is confined," Jones, 226 F.3d at 332, and must name the warden as respondent. See, e.g., Rumsfeld v. Padilla, 542

6

U.S. 426, 434–47 (2004); Wales v. Whitney, 114 U.S. 564, 570–74 (1885); Poole, 531 F.3d at 270–75 ("[A] district court properly exercises jurisdiction over a habeas petition whenever it has jurisdiction over the petitioner's custodian."). Taylor is in custody at USP Big Sandy, in the Eastern District of Kentucky. See [D.E. 96] 1; Bureau of Prisons, Inmate Locator, http://www.bop.gov/Locate (last visited Feb. 19, 2014). Thus, the parties shall brief whether, if section 2255's savings clause allows Taylor to pursue a petition under section 2241, the court must transfer that petition to the United States District Court for the Eastern District of Kentucky. Cf. 28 U.S.C. § 2241(b). The parties shall also brief whether either party wants the court to make such a transfer, and, if not, whether the requirements that a prisoner seeking relief under section 2241 file in the district where the prisoner is located and that the prisoner name the warden are jurisdictional requirements.

Finally, the parties shall brief the merits of Taylor's argument that Simmons applies retroactively to him, even though he is challenging his sentence, not his conviction, and his sentence does not exceed the statutory maximum for any of his offenses of conviction. In addressing that question, the parties shall explain whether and how Taylor's situation is materially distinguishable from that of a pre-Booker defendant who received a mandatory life sentence that, post-Booker, would no longer have been mandatory. See United States v. Booker, 543 U.S. 220 (2005). In particular, the parties should consider the following example:

> Hypothetical Defendant went to trial in 2000 charged with (1) conspiracy to distribute and possess with the intent to distribute 50 grams or more of cocaine base (crack) in violation of 21 U.S.C. § 846 (2000) (count one) and (2) distribution and possession with intent to distribute more than 50 grams of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) (2000). The statutory maximum for each count was life imprisonment. See 21 U.S.C. § 841(b)(1)(A) (2000).
>
> The jury found Hypothetical Defendant guilty on both counts. At sentencing in 2000, the court found Hypothetical Defendant responsible for ten kilograms of cocaine base, and accordingly, under U.S.S.G. § 2D1.1(c)(1) (2000), assigned a base offense level of 38. At sentencing, the court added four levels to Hypothetical

7

Defendant's offense level under U.S.S.G. § 3B1.1(a) (2000) upon finding that he was a leader, and added two levels to Hypothetical Defendant's offense level under U.S.S.G. § 3C1.1 (2000) upon finding that he obstructed justice during the trial. Thus, Hypothetical Defendant's total offense level was 44. Coupled with his criminal history category of III, this yielded a guideline range of life. See U.S.S.G. § 5A (2000). Under the pre-Booker federal sentencing system, Hypothetical Defendant was subject to a mandatory life sentence.

At his 2000 sentencing, Hypothetical Defendant objected to the judicial fact finding at sentencing that produced his mandatory life sentence and cited the Sixth Amendment and Apprendi v. New Jersey, 530 U.S. 466 (2000). The district court overruled the objection, relying on United States v. Kinter, 235 F.3d 192, 198–202 (4th Cir. 2000), overruled by United States v. Booker, 543 U.S. 220 (2005). Hypothetical Defendant appealed and made the same Sixth Amendment argument to the Fourth Circuit. In 2001, in accordance with Kinter, the Fourth Circuit rejected the appeal and affirmed the conviction and life sentence. Hypothetical Defendant failed to seek certiorari and his conviction and sentence became final in 2001. See Clay, 537 U.S. at 525.

In 2003, Hypothetical Defendant filed a motion under 28 U.S.C. § 2255 and sought to raise an argument under the Speedy Trial Clause. Unfortunately, Hypothetical Defendant did not meet the one-year deadline in 28 U.S.C. § 2255(f) and the district court dismissed the section 2255 motion as untimely. Hypothetical Defendant appealed, but the Fourth Circuit declined to issue a certificate of appealability, and dismissed the appeal.

In 2005, after Booker was decided, Hypothetical Defendant filed a petition under 28 U.S.C. § 2241 seeking relief from the mandatory life sentence imposed due to the mandatory guideline system and relying on Booker, Apprendi, and the Sixth Amendment. Hypothetical Defendant sought relief from his mandatory life sentence under 28 U.S.C. § 2241 (as opposed to 28 U.S.C. § 2255) because he realized that he had already filed one unsuccessful section 2255 motion, and absent authorization from the Fourth Circuit, the district court lacked jurisdiction to consider another section 2255 motion from him. See, e.g., 28 U.S.C. §§ 2244, 2255(h); Felker, 518 U.S. at 657; Winestock, 340 F.3d at 205.

The parties should brief whether Hypothetical Defendant is entitled to resentencing under the post-Booker sentencing system. The parties should also brief how Hypothetical Defendant's argument is materially distinguishable from Taylor's argument. At bottom, it appears that both Taylor and Hypothetical Defendant seek to use 28 U.S.C. § 2241 to attack a final sentence within the parameters of their statute of conviction on the theory that the district court erroneously believed (based on then-

8

binding precedent) that it lacked discretion to impose less than a life sentence. Moreover, in each case, the conviction and sentence are final. Cf., e.g., Beard v. Banks, 542 U.S. 406, 416–20 (2004); Schriro v. Summerlin, 542 U.S. 348, 351–58 (2004); United States v. Morris, 429 F.3d 65, 68–72 (4th Cir. 2005).

If Taylor gets to be resentenced on counts one and eight, does the Department of Justice take the position that Hypothetical Defendant (and every other defendant serving a life sentence under the mandatory guidelines whose life sentence was within the parameters of the statute of conviction) gets to be resentenced under 28 U.S.C. § 2241? If not, why not? In briefing this issue, the parties also shall address whether existing Fourth Circuit precedent permits such resentencing under 28 U.S.C. § 2241.

III.

In sum, the court directs the parties to submit briefs addressing (1) whether section 2255's savings clause applies to give this court jurisdiction over Taylor's section 2241 petition; (2) if so, whether this court must transfer the petition to Taylor's district of confinement, and whether either party wants this court to do so; and (3) the merits of Taylor's claim for relief, including a discussion of how Taylor's situation is materially distinguishable from that of the Hypothetical Defendant described in this order. Simultaneous briefs on these issues are due on March 28, 2014. Any responses are due on April 14, 2014. There will be no replies. The resentencing scheduled for March 2014 is postponed.

SO ORDERED. This 19 day of February 2014.

JAMES C. DEVER III
Chief United States District Judge

9

Case 5:06-cr-00279-D   Document 113   Filed 02/19/14   Page 9 of 9